■ JEROME BELTZ, an Infant, by RAYMOND BELTZ, His Father and Natural Guardian, et al., Respondents, v CITY OF BUFFALO et al., Appellants. — Judgment affirmed, with costs. All concur, except Hancock, Jr., and Moule, JJ., who dissent and vote to reverse and grant a new trial solely on the issue of damages in the following memorandum.

Hancock, Jr., and Moule, JJ. (dissenting). We agree with the majority's affirmance of the determination of liability but find the award of $850,000 grossly disproportionate to the severity of the injuries. In *Sewar v Gagliardi Bros. Serv.* (69 AD2d 281, affd 51 NY2d 752) we reversed an award of $2,000,000 damages for personal injuries suffered by a 12-year-old girl and directed a new trial on those damages unless plaintiffs agreed to a reduction of the verdict on that cause of action to $750,000. There, as a result of her injuries, the infant plaintiff was mentally retarded with an I.Q. of between 57 and 63, restricted in her ability to see and hear, and severely limited in her educational, social, and occupational prospects. Here, by contrast, the injury is traumatic epilepsy (petit mal, not grand mal) which has been essentially controlled by medication. The injured plaintiff has experienced long periods of freedom from seizures. His schoolwork was not adversely affected by his injury and at the time of trial he was attending college and working part time. We note that an apparent misunderstanding by the jury of the court's instructions may have contributed to the size of the verdict. The jury first reported its verdict on the main cause of action as $500,000 for "personal suffering, disability and future medical expenses" and $350,000 for "negligence." Over objection by defendants' attorneys, who argued that the award for "negligence" appeared to be punitive, the court, without giving further instructions as to the proper measure of damages in a personal injury action, simply instructed the jury that it must return one verdict on that cause of action. Almost immediately thereafter, the jury returned a verdict representing the sum of the $350,000 and $500,000 items. Under these circumstances and in view of the court's failure to tell the jury that the $350,000 item may have been based on improper considerations, it is reasonable to assume that the $850,000 verdict was intended to represent something other than compensation for "personal suffering, disability and future medical expenses." (Appeal from judgment of Supreme Court, Erie County, Kramer, J. — negligence — playground equipment.) Present — Dillon, P. J., Hancock, Jr., Denman, Moule and Schnepp, JJ.